# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
FRED W. KENNEDY, BAR NO. 2269.

No. 67305

FILED

FEB 19 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendations for attorney discipline, arising from attorney Fred W. Kennedy's representation of Mark Michaliszyn (Count 1) and Stephen DaMario (Count 3), and Kennedy's communication with the State Bar of Nevada relating to a bar complaint filed by Ruthie Michelle Williams (Count 2).

After a hearing, the panel found that Kennedy violated RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), and RPC 8.1(b) (bar admission and disciplinary matters). The panel found several aggravating factors including dishonest or selfish motive, a pattern of misconduct, multiple offenses, vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution. *See* SCR 102.5(1). Based on the violations, the panel recommended that Kennedy be suspended from the practice of law for a period of six months, with the suspension to be stayed pending Kennedy's compliance with certain conditions, that Kennedy be issued a public reprimand, and that he be required to pay restitution and the costs of the disciplinary proceeding.

16-05371

The State Bar has the burden of showing by clear and convincing evidence that Kennedy committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We "employ a deferential standard of review with respect to findings of fact," while our review of a disciplinary panel's conclusions of law and recommendations is de novo. SCR 105(3)(b).

The parties have filed briefs in this matter. We have considered the arguments and reviewed the record before this court, and we conclude that substantial evidence supports the panel's findings of misconduct. *See generally Sowers v. Forest Hills Subdivision*, 129 Nev., Adv. Op. 9, 294 P.3d 427, 432 (2013) (observing that this court will uphold factual findings "as long as [they] are not clearly erroneous and are supported by substantial evidence"). Kennedy failed to perform in a diligent manner the work he promised for Michaliszyn and DaMario, who were threatened with losing their homes, failed to return calls or otherwise communicate with them for extended periods, and failed to return the unearned fees despite refund requests. Even if Kennedy was unable to obtain the loan modifications for reasons beyond his control, he should have communicated that fact to his clients in a timely manner and returned the fees for work that he never performed. Kennedy also failed to respond to repeated written requests from the State Bar for information in relation to the grievance filed by Williams.

We agree that the panel's recommended discipline is appropriate under the circumstances. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney). Therefore, we hereby impose

a six-month suspension to be stayed with the conditions that Kennedy complete three hours of continuing legal education in law practice management and have no similar discipline resulting in a letter of reprimand or greater for a period of five years from the November 3, 2014, hearing. Further, we approve the public reprimand for violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 1.5 (fees) as to Count 1; RPC 8.1(b) (bar admission and disciplinary matters) as to Count 2; and RPC 1.4 (communication) and RPC 1.5 (fees) as to Count 3. We direct the State Bar to issue the public reprimand approved by the hearing panel. Kennedy shall pay restitution in the amount of $4,250 to Michaliszyn and $1,200 to DaMario, and shall pay the costs of the disciplinary proceeding, excluding bar counsel and staff salaries, within 30 days. *See* SCR 120. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[1]

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

---

[1]The Honorable Ron D. Parraguirre, Chief Justice, did not participate in the decision of this matter.

cc: Robert W. Lueck, Esq.
Chair, Southern Nevada Disciplinary Board
C. Stanley Hunterton, Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court